UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BRUCE EDWARD SMITH, JR.,

                    Plaintiff,                        Case No. 2:25-cv-256

v.                                                    Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                    Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim against the named Defendants.

**Discussion**

## I.      Factual Allegations

Plaintiff[1] is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the MDOC, URF Warden James Corrigan, and MDOC Director Heidi Washington.

Plaintiff alleges that on December 15, 2024, he provided "transcripts[,] evidence[,] and confidential files" to another prisoner designated as Plaintiff's legal writer.[2] (Compl., ECF No. 1, PageID.1.) Plaintiff alleges that his legal writer was assisting him with an actual innocence claim related to his criminal conviction. (*Id.*, PageID.2.) On December 31, 2024, Plaintiff alleges that his legal paperwork was confiscated from the legal writer's cell because of a "false ticket" where "URF Staff" were able to "seize unlawfully, frustrate[,] and disrupt all legal pleadings." (*Id*.) Plaintiff alleges that his legal files and pleadings were seized from the legal writer's cell "without just cause or written notice justifying the seizure." (*Id*.)

---

[1] The Plaintiff in this action is Bruce Edward Smith, Jr., but the "Statement of Facts" section of the complaint (Compl., ECF No. 1, PageID.1–8) describes numerous incidents between prisoner Donald Merritt-El and non-party correctional staff. Mr. Merritt-El is Plaintiff's "legal writer" and is not a party to this action. To the extent that Plaintiff's complaint attempts to raise any claims or causes of action on behalf of Mr. Merritt-El, Plaintiff may not do so and any intended claims brought on Mr. Merritt-El's behalf are not addressed in this opinion. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." (citations omitted)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." (emphasis added)).

[2] MDOC's Legal Writer Program is governed by MDOC Policy Directive 05.03.116.

According to Plaintiff's complaint, there were several other incidents where URF correctional staff removed his legal papers from the legal writer's possession. Specifically, on February 16, 2025, "legal files" provided to Plaintiff's legal writer were "seized and concealed" by URF correctional staff and not returned. (*Id.*, PageID.2–3.) On August 15, 2025, URF correctional staff removed items from Plaintiff's legal writer's cell, including "several small brown address books," one of which belonged to Plaintiff. (*Id.*, PageID.6.) Next, on September 2, 2025, URF correctional staff searched the legal writer's cell, and Plaintiff alleges that his "legal brief . . . had been ripped in half and many files missing." (*Id.*, PageID.7)

Plaintiff claims that his confiscated legal papers were essential to his postconviction Motion for Relief from Judgment under Michigan Court Rule 6.502(G), alleging "new evidence" to support his motion. (*Id.*, PageID.9–10.) Specifically, Plaintiff's new evidence was "an affidavit from another prisoner . . . [regarding Plaintiff's] actual innocence." (*Id.*, PageID.10.) This new evidence was "repeatedly seized and destroyed" by prison officials. (*Id.*) Plaintiff alleges that "it would be completely futile to attempt to pursue [his motion for relief from judgment] without any of his new evidence because doing so would yield pre-determin[ed] results [i.e., rejected for filing or dismissed]." (*Id.*)

Lastly, Plaintiff alleges he filed a civil rights complaint with the Michigan Department of Civil Rights (MDCR) regarding the "unlawful seizure and destruction of [his] legal mail in [his] legal writer's possession." (*Id.*, PageID.12.) Plaintiff claims that MDCR "forwarded [him] forms to fill out and return by [August 25, 2025] or face dismissal" but that the "URF mailroom" "sat on the mail and delivered it to [him] . . . on the date of the deadline." (*Id.*) Plaintiff does not allege how long the mailroom "sat on" his mail. (*Id.*) Plaintiff alleges this resulted in the termination of his MDCR complaint. (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise an access to the courts claim and a Fourteenth Amendment procedural due process claim regarding the confiscation of his property. Plaintiff seeks injunctive relief relating to the confiscation and return of his "evidence and files." (*Id.*, PageID.13–14.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

4

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.    **Analysis**

A.    **Defendant MDOC**

Plaintiff names the MDOC as a Defendant. (Compl., ECF No. 1, PageID.1.) As an initial matter, Plaintiff does not name Defendant MDOC in the body of his complaint. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Defendant MDOC is subject to dismissal for this reason alone.

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, the State of Michigan (acting through the MDOC) is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person.").

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendant MDOC upon which relief may be granted.

B.    **Defendants Corrigan and Washington**

Plaintiff lists URF Warden Corrigan and MDOC Director Washington as Defendants in this action; however, Plaintiff fails to allege any facts showing how Defendants were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore*, 92 F. App'x at 190; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Corrigan or Washington in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff's claims against these Defendants therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendants Corrigan and Washington liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may

not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Corrigan or Washington encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, Plaintiff's complaint will be dismissed for failure to state a claim against Defendants Corrigan and Washington.

## C.    Non-Parties Referenced in the Complaint

In Plaintiff's complaint, he describes the actions of several non-parties at URF. (*See generally* Compl., ECF No. 1.)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations."

7

*Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at \*1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at \*1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, any intended claims against the non-party individuals discussed in the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, as to Plaintiff's references to "correctional staff" or "mailroom staff," "[s]ummary reference to a single, five-headed 'Defendants' [or officers] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, Plaintiff's general references to "correctional staff" and "mailroom staff" are insufficient to show that any individuals, let alone named Defendants, were personally involved in the actions that Plaintiff attributes to these groups of people.

Accordingly, for these reasons all intended claims against non-parties will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an

8

appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See*

*McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court

concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue

Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.


Dated: June 2, 2026                                         /s/ Hala Y. Jarbou
                                                            HALA Y. JARBOU
                                                            CHIEF UNITED STATES DISTRICT JUDGE